UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**REBECCA BORTOLUS,**
                        **Plaintiff,**

-vs-                                             **Case No. 6:07-cv-1864-Orl-18GJK**

**MAGICAL CRUISE COMPANY LIMITED, a
foreign profit corporation, and NAIROK
WATER SPORTS COMPANY, LIMITED, a
foreign corporation,**
                        **Defendants.**
_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR COURT ORDERED SERVICE OF PROCESS, OR IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT, NAIROK WATER SPORTS COMPANY, LIMITED.** (Doc. No. 16) |
| **FILED:** | **March 6, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Pursuant to Rule 4(f), Federal Rules of Civil Procedure (2007), Plaintiff Rebecca Bortolus ("Plaintiff") moves for court ordered service of process on foreign Defendant Nairok Water Sports Company, Limited. Doc. No. 16. Plaintiff seeks an order permitting service of process upon Defendant's local counsel or, in the alternative, an extension of time in which to serve Defendant. Doc. No. 16 at ¶¶ 11, 12.

I.  BACKGROUND

On January 3, 2008, Plaintiff filed the Amended Complaint (Doc. No. 8) seeking damages against Defendants Magical Cruise Company Limited ("Disney") and Nairok Water Sports Company, Limited ("Nairok") (collectively the "Defendants") for injuries Plaintiff allegedly sustained while being pulled on an inflated raft behind a vessel owned and operated by Nairok in the Bahamas.  To date, Plaintiff has been unsuccessful in locating and serving Nairok.  Doc. No. 16.

In the Motion, Plaintiff states that Nairok is a Bahamian corporation "located on one of the islands in the Bahamas."  Doc. No. 16 at ¶ 2.  Plaintiff also states that "the Bahamas is not a member of the Hague Convention, and the Plaintiff is unaware of any international agreements that exist between the United States and the Bahamas pertaining to service of process."  *Id*. at ¶ 3.  According to the Plaintiff, service may be ordered pursuant to Rule 4(f)(3), Federal Rules of Civil Procedure.  *Id*. at ¶ 8.

Plaintiff maintains that she has conferred with the Registrar General's Department of the Bahamian government and searched the relevant public records in an attempt to locate Nairok's address without success. Doc. No. 16 at ¶ 4.  Plaintiff also asserts that she has been unable to locate the address for any of Nairok's officers.  *Id*. at ¶ 5.   In the present case, Nairok and Disney are represented by the same local counsel.   However, Plaintiff states that counsel has refused to accept service of process on behalf of Nairok.  *Id*.; Doc. No. 16-2 at ¶ 3.

In the Motion, Plaintiff states that several private investigators were also contacted in an attempt to locate Nairok.  Doc. No. 16 at ¶ 6.  According to counsel for Plaintiff's affidavit (Doc. No. 16-2), on January 3, 2008, Caribbean Process Servers ("Caribbean") were contacted, but on January 11, 2008, Caribbean reported that it was unable to discover Nairok's location.  *Id*. at ¶¶ 8-9.

On February 26, 2008, Plaintiff retained the services of ABC Global Services who "confirmed they could obtain the address on . . . Nairok.[1]" *Id*. at ¶ 15.  Plaintiff's counsel maintains, however, service upon Nairok cannot be guaranteed before the expiration of the 120 day period for perfecting service under Rule 4(m), Federal Rules of Civil Procedure.  Accordingly, Plaintiff seeks as order directing Nairok's local counsel to accept service of process or, alternatively, an extension of time to serve Nairok.  Doc. No. 16

## II.   NAIROK'S RESPONSE

Nairok, "by special and limited appearance" through counsel, states that as of June 17, 1997, "the Bahamas is a non-member signatory to the Hague Convention on Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial matters. . . ."  Doc. No. 23 at 1-2 ¶ 2.  Nairok asserts that in *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988), the United States Supreme Court held that whenever the Hague Convention applies, service of process in accordance with it is mandatory. *Id*. at ¶ 3.  Thus, Nairok argues that the Motion should be denied because Plaintiff, by erroneously stating no international agreement regarding service of process exists between the United States and the Bahamas, has failed to demonstrate any attempt to comply with the mandatory service requirements of the Hague Convention. *Id*. at 6.  Nairok maintains that if the Court grants the Motion and orders service of process upon Nairok's counsel that the Court will be circumventing and departing from an international treaty and the Federal Rules of Civil Procedure.[2]  *Id*. at ¶ 9.

---

[1] On January 23, 2008, Plaintiff also obtained a price quote from Legal Language Services regarding the investigation and service of process fees for serving Nairok. *Id*. at 12.

[2] Nairok also maintains that simply because it has knowledge of the proceedings, Plaintiff should not be excused from properly serving it.  Doc. No. 23 at 7.

Nairok's counsel also asserts that he "is not authorized to accept service on behalf of, nor approved as an agent for service upon, Defendant Nairok." Doc. No. 23 at ¶6. According to Nairok, "[a]n attorney does not become an agent for service merely by virtue of being appointed counsel." *Id*. at ¶ 7. Thus, Nairok argues it would be improper for the Court to order counsel for Nairok to accept service of process on its behalf. *Id*. at 9.

**III.    THE LAW**

Rule 4(f) provides the following mechanisms for service of process on individuals and corporations[3] in foreign countries:

> Unless federal law provides otherwise, an individual . . . may be served:
>
> (1) by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention . . . .;
>
> (2) if there is not internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law by:
>>
>>> (i)     [not applicable];
>>> (ii)    using any form of mail that the clerk addresses and sends to the individual that requires a signed receipt; or

---

[3] Rule 4(h)(2), Federal Rules of Civil Procedure provides that serving a foreign corporation, partnership, or association may be made "in any manner prescribed by Rule 4(f) for serving and individual, except personal delivery under (f)(2)(C)(i)."

4

>     (3)  by other means not prohibited by international agreement, as the court orders.

Rule 4(f), F.R.C.P. (2007).   Plaintiff is asserting that Rule 4(f)(1) does not apply because the Bahamas is not a member or signatory of the Hague Convention, and Plaintiff is seeking court ordered service of process under Rule 4(f)(3).

> The only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement.  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). "**Service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'  It is merely one means among several which enables service of process on an international defendant**." *Id*.  In order to fulfill due process requirements under Rule 4(f)(3), the Court must approve a method of service that is "reasonably calculated" to give notice to defendant.  *See Mulane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

*BP Products North America, Inc. v. Dagra*, 232 F.R.D. 263, 264-65 (E.D. Virginia 2005) (emphasis added).

Alternatively, Plaintiff is seeking an extension of time to serve Nairok.  Ordinarily, a plaintiff has 120 days to serve a defendant after the complaint has been filed.  Rule 4(m), F.R.C.P. (2007). However, Rule 4(m) "does not apply to service in a foreign country under Rule 4(f). . . ." *Id*.

The Bahamas is a non-member signatory to the Hague Convention.  HCCH, *The Hague Conventions: Signatures, Ratifications and Accessions* (2005), http://hcch.e-vision.nl/index_en.php?act=conventions.status&cid=17; 20 U.S.T. 361 (U.S.T. 1969); *see also Koechli v. BIP International, Inc.*, 861 So. 2d 501, 502-03 (Fla. 1st DCA 2003) (explaining that the Hague Convention applies to the Bahamas); Yvonne A. Tamayo, *Catch Me If You Can: Serving United States Process on an Elusive Defendant Abroad*, 17 Harv. J. L. & Tech. 211, n. 18 (2003) (listing the signatories of the Hague Convention including the Bahamas).  Thus, service on a foreign individual or corporation in the Bahamas ordinarily would be governed by the Hague Convention.

Article 1 of the Hague Convention states:

> The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.  This Convention **shall not apply** where the address of the person to be served with the document is not known.

20 U.S.T 361, 1969 WL 97765 (U.S.T. 1969).   If a plaintiff does not know the address or location of the foreign defendant he or she wishes to serve, then the Hague Convention does not apply.  *Id*.

### IV.     ANALYSIS

The Bahamas is a non-member signatory to the Hague Convention, but it does not apply because Plaintiff does not yet know Nairok's address.  In the Motion, however, Plaintiff states that ABC Global Services can provide Plaintiff with the address.  If Plaintiff obtains Nairok's address then Plaintiff must follow the mandatory mechanisms provided in the Hague Convention for service of process.

Pursuant to Rule 4(m), Plaintiff has expressed concern about the 120 days service period expiring elapsing.  Rule 4(m) does not apply to service in a foreign country.  According to the Case Management and Scheduling Order (Doc. No. 27) the deadline for discovery is not until March 27, 2009, and trial is currently scheduled for September 1, 2009.  Thus, the Court finds that Plaintiff's request for court ordered service of process is premature and should be denied at this time.

**THEREON** it is **RECOMMENDED** that:

(1) Plaintiff's Motion (Doc. No. 16) be denied; and

(2) Plaintiff may renew the Motion to allow service pursuant to Rule 4(f)(3), in the event a good faith effort to obtain the address of Nairok and perfect service on it in accordance with the Hague Convention is made, but which proves unsuccessful.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on June 3, 2008.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE